### SMITH v. KING.
### No. 4564.

Circuit Court of Appeals, Seventh Circuit.
June 14, 1932.

E. E. Brindley and F. L. Brewer, both of Richland Center, Wis., for appellant.

O. D. Black, of Richland Center, Wis., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

Appellant brought this suit to set aside the transfer of two notes aggregating $1,500, secured by real estate mortgage, because made in violation of section 91, title 12, US CA. Other appropriate relief, ancillary in character, was sought. Appellee denied the existence of any knowledge that the First National Bank of Richland Center was in an insolvent or financially embarrassed condition on the twenty-third of November, 1928, when the notes were by her purchased, and asserted the bank's sale of the notes to her and her payment therefor out of monies on deposit in said bank were in good faith and in the usual course of business.

The court found in favor of appellee on the controverted issues and dismissed the suit. A memorandum accompanied the special findings of fact, which indicated that Judge Luse considered the determining fact issue a close one. He said:

"It may be that these transfers were made to the defendant with intent to prefer her and in contemplation of insolvency. The court would hesitate long before it would find affirmatively that they were not. It is clear that there was little or no change in the information which the directors and officers possessed between Friday and Sunday evening. They apparently had no intention of assessing the stockholders and were looking around for some method of temporizing with the necessity therefor placed upon them by the notice of the Comptroller, and delayed formally deciding that the notice meant what it said until Sunday, and then passed the resolution closing the bank. If the evidence disclosed the actual condition of the bank, with which the directors and officers were chargeable with knowledge, probably little difficulty would be encountered in confidently finding the intent with which these transfers were made, but in the state of the evidence, after careful consideration of the whole thereof, the court has concluded that an affirmative finding on the issues requires the indulgence in speculation and suspicion, and the conclusion is that this is one of the cases requiring a so-called "Scotch" verdict of "not proven." In other words, the evidence falls short of meeting the burden of proof which the law lays upon the plaintiff."

In reviewing the conclusion thus frankly expressed and the findings of fact which the court concurrently made, we shall assume that knowledge on the part of appellee of the insolvency of the bank, or of the intent with which the payment was made, was unnecessary. In other words, if the payment of the money on deposit, or the transaction whereby the bank's securities were transferred to the depositor in cancellation of a deposit, was in contemplation of insolvency or made with a view to prevent the application of its assets in the manner prescribed by the statute, or with a view to the preference of one creditor over another, it is voidable. This issue the district judge met squarely. No useful purpose would be served in relating all of the evidence or in discussing all of the inferences which logically flowed therefrom. While the facts are not greatly in dispute, they give rise to various deductions, some of which are conflicting, and they vary in their persuasiveness.

In view of the testimony of both appellee and the president of the bank to the effect that the sale of the notes by the bank to appellee was in the ordinary course of business and was not in contemplation of insolvency, and in view of the further testimony given by appellee to the effect that she did not know the bank was insolvent, or even embarrassed financially, our duty to affirm is rather clear. The finding of the trial judge will not be disturbed under such circumstances. Uihlein v. General Electric Co. (C. C. A.) 47 F.(2d) 997, 1001.

The decree is therefore affirmed.